## BOLLINGER v INDUSTRIAL COMM.

Ohio Appeals, 9th Dist, Summit Co

No 2966. Decided Jan. 24, 1938

R. R. Zurmehly, Columbus, and H. C. Walker, Akron, for appellant.

Herbert S. Duffy, Atty. Gen., Columbus, Eugene Carlin, Columbus, John C. Fontana, Columbus, Asst. Attys. Gen., and Alva J. Russell, Pros. Atty., Akron, for appellee.

## OPINION

By STEVENS, PJ.

This cause arose under the workmen's compensation law of Ohio, as a result of injuries sustained by Anna Bollinger from being struck by an automobile on a public street in the city of Akron, Ohio. She filed her application with the Industrial Commission for an allowance of compensation, which application was denied originally and upon rehearing; whereupon she appealed to the Court of Common Pleas of Summit county, Ohio. Upon hearing in that court, and at the close of the evidence, a motion to direct a verdict in favor of the Industrial Commission was made by counsel for said commission and sustained by the trial court. Judgment was thereafter rendered in favor of the commission.

Appeal on questions of law brings the case before this court, and here challenge is made of the propriety of the trial court's ruling upon said motion to direct.

Anna Bollinger was employed by West Hill Cleaners of Akron. Ordinarily her duties were all performed at the situs of her employer's business, but on February 25, 1933, at 8:30 p. m., as she was about to leave her place of employment to go to her home, she asserts that she was requested by her employer to deliver certain garments, which had been cleaned, to a tailor upon S.

Main St. in the city of Akron; that she acceded to said request, took the garments with her and delivered them to said tailor; that upon making delivery of said garments, the tailor informed her that he had certain other garments at her employer's place of business which he greatly desired to have delivered to him on the first delivery the following morning; that he then gave her the delivery numbers of said garments, which she wrote upon a piece of paper, and said tailor requested her to see that the garments were delivered to him on the first delivery the following morning.

The hour being late, Mrs. Bollinger went to her home. The next morning, at an earlier hour than usual, she left her home to go to her place of employment, and carried with her, in her pocket or pocketbook, the slip containing the delivery numbers of said garments, which numbers she had noted on the slip for the purpose of aiding her in remembering the details of the request of said tailor. She proceeded by her usual route, and by the conveyances customarily used by her, which conveyances were selected by her, and upon which the fares were paid by her. While so enroute to work she was struck by an automobile and injured; those injuries, so sustained, form the basis of this action.

The sole question presented is this: were plaintiff's injuries sustained in the course of, or did they arise out of, her employment?

Assuming it to have been established that Mrs. Bollinger was requested by her employer to deliver certain garments to the S. Main St. tailor (whose name does not appear) on the evening of February 25, 1933, when she had made delivery of those garments she had completely carried out the instructions of her employer which required a departure from her usual type and place of employment.

Thereafter what she did was done as a volunteer, and not under instructions from her employer. The motivating influence for her subsequent conduct was a desire upon her part to accommodate a customer of her employer, and the benefit to her employer was an incidental consideration. She was no longer acting upon instructions from her employer, and the hazards and conditions which she encountered at the time of her injury were not the hazards incidental to her employment.

In view of the holdings in the cases of **Industrial Commission v Heil, 123 Oh St 604,** and **Clark v Industrial Commission, 55 Oh Ap 428,** we are of the opinion that the trial court did not err in concluding as a matter of law that plaintiff's injuries were not sustained in the course of and did not arise out of her employment.

Judgment affirmed.

WASHBURN, J, and DOYLE, J, concur.